# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# MACON DIVISION

| | |
|---|---|
| **JEFFREY DEAN McKINNEY,** *Plaintiff,* v. **BALDWIN STATE PRISON MEDICAL STAFF,** *Defendant.* | **CIVIL ACTION NO. 5:20-cv-00301-TES-CHW** |

## ORDER DISMISSING PLAINTIFF'S CASE FOR FAILURE TO PROSECUTE

On August 14, 2020, the Court ordered Plaintiff Jeffrey Dean McKinney to file an amended complaint and provided instructions on how to do so. [Doc. 6]. The Court also ordered Plaintiff to either pay the $400.00 filing fee or file a proper motion to *proceed in forma pauperis*. [*Id*.]. Plaintiff was given 21 days to respond and was informed that failure to comply would result in dismissal of his action. [*Id*.]. Plaintiff failed to respond.

Therefore, on September 28, 2020, the Court notified Plaintiff that it had not received a response and ordered him to show cause why his action should not be dismissed for failure to comply and diligently prosecute his claims. [Doc. 7]. The Court specifically informed Plaintiff that his action would be dismissed if he failed to respond. Plaintiff was again given twenty-one (21) days to respond, and he failed to do so.

Because Plaintiff has failed to respond to the Court's orders or otherwise prosecute his case, his complaint is **DISMISSED WITHOUT PREJUDICE**. *See* Fed. R. Civ. P. 41(b); *Brown v. Tallahassee Police Dep't*, 205 F. App'x 802, 802 (11th Cir. 2006) ("The court may dismiss an action *sua sponte* under Rule 41(b) for failure to prosecute or failure to obey a court order.") (citing Fed. R. Civ. P. 41(b) and *Lopez v. Aransas Cty. Indep. Sch. Dist.*, 570 F.2d 541, 544 (5th Cir. 1978)).

**SO ORDERED**, this 27th day of October, 2020.

                                          S/ Tilman E. Self, III
                                          **TILMAN E. SELF, III, JUDGE**
                                          **UNITED STATES DISTRICT COURT**